## No. 59.

### THE STATE OF LOUISIANA vs. ISAAC DELLWOOD.

#### ON MOTION TO DISMISS.

An Appellant should not be prejudiced by the error committed by the judge in fixing the return day of the Appeal.

#### ON THE MERITS.

A public officer vacates the office held by him by accepting another office incompatible with the former. 32 An. 193.

The accused had the right to prove by a competent witness, that another person, accused with him of having stolen a hog and convicted on a separate trial, had asked him just before the time of the alleged offense, "to go and help him to get his hog." The circumstance was part of the *res gestæ*, and the evidence admissible to show the absence of the *animus furandi*.

| | |
|---|---|
| 33 | 1229 |
| 47 | 586 |
| 33 | 1229 |
| 49 | 645 |
| 33 | 1229 |
| 51 | 1319 |
| 51 | 1401 |
| 33 | 1229 |
| 105 | 670 |
| 33 | 1229 |
| 110 | 371 |
| 33 | 1229 |
| f118 | 796 |
| 119 | 74 |
| f120 | 276 |

APPEAL from the Second Judicial District Court, parish of Webster. *Drew*, J.

*J. A. W. Lowry*, District Attorney, for the State, Appellee.

*M. C. Moseley* for Defendant and Appellant.

#### MOTION TO DISMISS.

The opinion of the Court was delivered by

FENNER, J. The motion is based on the ground that the appeal

taken on the 3d day of May, 1881, was made returnable to this point, instead of to New Orleans, where this Court was then in session and so remained until the 31st of said month, which is alleged to be in violation of the provisions of Act No. 30 of 1878. This act requires appeals, in criminal cases, to be "made returnable within ten days after granting the order of appeal, whenever the Supreme Court may be in session on the return day;" but it contains a *proviso* "that the judge may, when necessary, fix a different place for the return of the appeal when, in his opinion, such a change will conduce to a speedy determination of the appeal."

It is manifest that the only discretion confided to the judge is based on the consideration of promoting a speedy trial of the appeal, and we find it impossible to see how this end could be promoted by carrying the return day beyond, not only the pending session of this Court in New Orleans, but also the succeeding sessions at Monroe and Opelousas.

Considering, however, that the statute was evidently passed in the interest of persons accused, and that this defendant should not be prejudiced by the error of the judge in fixing the return day, we shall overrule the motion to dismiss. Chaffe vs. Heyner, 31 An. 595.

In this case it is held that where the order of appeal was the act of the judge, in the exercise of his own discretion, and not based solely on the suggestion of the appellant, a mistake in the return day will not be visited on the latter. Such is clearly the case here; for the judge says in his order, "*by reason of the law* and the foregoing application, the appeal is granted returnable," &c. If the court considered *the law* and by reason thereof acted, this must be treated as the exercise of his judicial discretion.

This differentiates the case from that of Wooten vs. LeBlanc, 32 An. 692.

### ON THE MERITS.

#### I.

The accused challenged the array of jurors and moved, seasonably, to quash and set aside the venire, on the ground that two of the jury commissioners, who participated in the drawing of the jury, were disqualified from acting as jury commissioners, because one of them was, at the time, holding the offices of member of the parish school board and tax assessor for the parish, and the other was holding the office of member of the police jury. Several questions, delicate and not free from difficulty, are presented on the briefs, touching the character of the offices referred to in Art. 129 of the Constitution ; but we find it unnecessary to decide them.

Conceding, for the sake of argument merely, and without so deciding, that the office of jury commissioner in the country parishes, and

also that the other offices alleged to have been held by the parties here, were all "offices" within the meaning of the constitutional provision and incapable of being simultaneously held by the same person,—we yet find one reason assigned by the judge *a quo* for overruling the motion to quash the venire, which must prevail, viz.: "If the offices are inconsistent, the parties, by qualifying as commissioners, vacated their former offices."

The record not showing the contrary, we must accept this statement of the judge as establishing that the appointment and qualification of these parties, as jury commissioners, were subsequent to their appointment and qualification as to the other offices. It has been twice decided that the acceptance of an office incompatible with one already held, vacates the latter. State vs. Newhouse, 29 An. 824; State vs. Arata, 32 An. 193. The last mentioned case is identical with the present one.

II.

Defendant had been prosecuted, jointly with one Handy Jenkins, for larceny of a hog. Upon a severance, Jenkins had been separately tried and convicted. On the present trial of this defendant, he offered to prove by Isaac Harrison, a competent witness, that, "on the same day and immediately preceding the alleged taking, Handy Jenkins, in the presence of said witness, asked defendant to go and help him to get his (Handy Jenkins') hog, and that defendant immediately went, under the impression that he was assisting Handy Jenkins to do what he had a right to do." The court rejected this evidence for the reasons assigned that Jenkins having been convicted of an infamous crime, evidence from him, or statements by him, were inadmissible, and that being himself an incompetent witness and unworthy of belief, his statements could not be received.

We think the court erred in rejecting this evidence. The statement offered to be proved lacks no element necessary to constitute it a part of the *res gestæ ;* and it seems to us to be legitimate evidence for the purpose of disproving the *animus furandi.* The competency of Jenkins as a witness and his credibility have no pertinency to the question. The purpose of the evidence was not to establish the truth of Jenkins' statement, but merely to prove the fact that the statement was made to witness, and that, whether true or false, defendant, believing it to be true, acted upon it. We, therefore, think that defendant's exception to the rejection of the testimony was well taken and the case must be remanded on this ground.

It is, therefore, ordered, adjudged and decreed that the judgment and sentence be annulled and set aside, and that this case be remanded to the lower court for further proceedings according to law.

DISSENTING OPINION.

POCHÉ, J. My solemn conviction compels me to dissent from the opinion of the majority in overruling the motion to dismiss this appeal.

Act No. 30 of 1878, imperatively requires that all appeals in criminal cases "shall be made returnable to the Supreme Court within ten days after granting the order of appeal wherever the said court shall be in session *on the return day*," and directs the clerk in case the court shall have adjourned *sine die* at the place of return, to forward at once the record and briefs filed with it to the place where the Supreme Court next meets, etc.

In this case the order of appeal was signed on the 3d of May, 1881, at which time this Court was sitting in New Orleans, where the session ended only on the 31st of that month, and the appeal should have been made returnable at that point, unless it appears from the record that the judge, in the exercise of the discretion vested in him by the proviso authorizing him to fix a different place when necessary, and when in his opinion such a change will conduce to a speedy determination of the appeal.

The appeal was prayed for by petition signed by the defendant's counsel, praying that the appeal be made returnable to this Court at its next regular session in Shreveport. The order of the judge predicated on that petition, reads as follows:

" By reason of the law and the foregoing application for appeal, it is ordered that an appeal, suspensive and devolutive, be granted as prayed for, returnable to the Supreme Court at its next regular term at Shreveport."

I fail to see in the language of that order or in the record, the slightest intimation that the judge did, or intended to, exercise the only discretion vested in him by the law, in changing the place of return, when, in his opinion, the change will conduce to a speedy determination of the appeal.

I cannot be induced to attribute to the judge the thought that, in his opinion, the determination of an appeal made returnable by law to New Orleans in May, 1881, would be speedy by returning it to Shreveport in October, 1881, when it could have been disposed of according to law, in New Orleans in May, in Monroe in June, or in Opelousas in July of the same year.

It is, indeed, too violent a presumption to attribute such reasoning to the mind of a judge who is learned in the law.

This circumstance alone shows conclusively that the judge in using the words "by reason of the law," never intended to refer to the proviso of the Act of 1878, or could possibly mean that in his opinion the

change of the return from New Orleans in May, to Shreveport in October following, would conduce to a speedy determination of the appeal. I am thoroughly convinced that in granting this order the judge merely accepted the place of return suggested by appellant in his petition, and that, therefore, the erroneous return is to be attributed solely and exclusively to the fault of the appellant.

In the case of Wooton vs. LeBlanc, 32 An. 692, in which we took occasion to review the whole jurisprudence of this State on that point, we distinctly held, that whenever an appellant suggests in his petition for appeal an erroneous return day, which is adopted by the judge in his order, the appeal, on motion, must be dismissed.

With all the desire which I have to agree with my learned brothers, I see no circumstance or fact in the case at bar, under which we can possibly or logically distinguish it from the Wooton case, and I see no reason to justify a departure from the clear rule established by the majority of the Court in that case. Believing that the merits of this case are not legally or properly before the Court, I take no part in the opinion rendered by the majority on the issues presented in the cause.