State vs. Buford.

### No. 13,284.

STATE OF LOUISIANA VS. THOMAS BUFORD.

#### SYLLABUS.

1. The testimony of a third person, as to what the wife of the accused said some time before the occurrence, is not admissible, and its rejection, by the court, affords no ground to reverse the verdict.

2. The information qualified the intent as "felonious" and afforded no ground of complaint on that score.

3. The duplicity pleaded is not sustained by the facts. The words used in describing the offence tended to the one act and circumstance constituting the offence.

APPEAL from the Eighteenth Judicial District, Parish of Terrebonne. *Caillouet, J.*

*M. J. Cunningham,* Attorney General, and *L. C. Moise,* District Attorney, for Plaintiff, Appellee.

*Charles W. DuRoy* for Defendant, Appellant.

The opinion of the court was delivered by

BREAUX, J. An information, duly filed, charged the defendant, Thomas Buford, with stabbing one Alce Mazerac with intent to kill and murder. He was found guilty. He moved for a new trial, which was not granted. He filed a motion in arrest of judgment, which was overruled.

The case is before us on two bills of exceptions.

The first was taken to the ruling of the court in rejecting the testimony of Ellis Dupre, by whom the accused sought to prove that shortly before the occurrence in which Mazerac was stabbed the wife of Mazerac begged him (Mazerac) not to go to the ball because his life was threatened by some one at the ball. It appears that she did not refer to accused as making threats. This evidence was offered in rebuttal of an account given on the trial of a quarrel which had taken place at the saloon of one Watkins. It went to rebut, the defendant urged, a motive on his part, as attempted to be shown by the State. The grounds of exclusion of the evidence, as stated by the court and made part of the bill of exceptions, are that the testimony of a third person regarding the apprehension of the wife of the injured man

that he would be killed by other persons than the accused if he went to a ball and for that reason requested him not to go, might prove the fear of Mazerac's wife, but did not prove the intention of the other persons against him.

The evidence is inadmissable, as it is hearsay, and irrelevant.

The apprehension of the wife, which the accused sought to prove, did not arise at the time, or just previous to the stabbing; but, as we gather, some time prior. The evidence was secondary and hearsay. If admissable at all, the wife should have been called as a witness and not the witness Dupre, who had heard her utter words indicating fear, as before stated.

The wife was a third person. It is elementary, in matter of evidence, that the extra-judicial statements of third persons can not be proved by hearsay, unless the statements are part of the *res gestae,* or unless they fall within the other exceptions not at issue here. Hearsay statements are not admitted, even when the third person by whom they are made is a non-witness. Wharton's Criminal Evidence, p. 225. But, here it is not asserted that the evidence was part of the *res gestae,* nor that the witness was a witness whose statements could be heard only in the manner proposed by the accused. In the latter case, we have seen that it would not even then have been admissible. The State had the right to require the presence of the witness. Evidence ought, always, to be given under the sanction of an oath.

Clearly, the evidence of the witness that the wife of Mazerac sought to influence him not to go to the ball, was hearsay, being the evidence of a third person as to what the wife said.

This brings us to the second bill of exceptions taken to the court's action in overruling the motion in arrest of judgment.

The following are the grounds of the motion in arrest of judgment: First, duplicity in pleading, in this, that defendant is charged with two distinct substantive offences in one and the same count, viz., with stabbing Alce Mazerac with intent to murder, and with cutting and thrusting with intent to murder. Second, the information does not set forth the "felonious" intent.

The court sustains its ruling by the statements,

First, that the intent is sufficiently qualified as felonious.

Second, that there was no duplicity in the pleadings.

We agree with the judge of the court *a qua* that the felonious intent is properly charged in the information. The information contains

all the words "feloniously, wilfully, and of his malice aforethought", in the usual legal form. With reference to the objection that the information is null and void, owing to its duplicity, and that the information charges two distinct and substantive offences in the same count, we do not find that the distinct grounds of complaint are joined in the information. The acts charged constitute but one offence, which may be laid in one count. ·

This court said in State vs. Hendricks, 38 Ann., 683: "Where the " acts charged are germane to each other, and to the main charge, and " taken together constitute but one affair, and make one offence, it is " uniformly held not amenable to the charge of duplicity."

The several acts here charged, are joined and, together, constitute but one crime. The one offence charged may consist of all the acts charged. The words used, all tend to the one act, the wounding which is charged to have been committed by "stabbing, cutting and thrusting" in committing the crime with which the accused is charged.

The motion for a new trial contained no special ground upon which to reverse the verdict. The accused complained therein that the verdict was contrary to the law and the evidence.

In so far as the motion may relate to questions of law, it does not appear that any reversible error has been committed. As far as it may relate to the facts, the Supreme Court is without jurisdiction to review them.

We have found no reason to reverse the verdict and grant the relief asked.

It is therefore ordered, adjudged and decreed that the verdict and sentence appealed from be and they are hereby affirmed.

Rehearing refused.