(104 So. 717)

No. 27084.

## STATE v. PILCHER.

(April 27, 1925.  Rehearing Denied May 25, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⬿1134(3)—Bill of exceptions to overruling motion for new trial, on ground that verdict was contrary to law and evidence, presents no legal question for review.**

Bill of exceptions to overruling of motion for new trial, on ground that verdict was contrary to law and evidence, presents no question of law for review by Supreme Court.

2. **Criminal law ⬿1158(1)—Refused charge held to present fact question of sufficiency of evidence to establish guilt, which Supreme Court will not review.**

Refused special charge that finding of liquor in outhouse on defendant's premises was insufficient to justify conviction of possession presented question, not of lack of evidence to convict, but of its sufficiency to establish accused's guilt, which was fact question settled by district judge's declaration that evidence was sufficient to justify verdict, and Supreme Court cannot review evidence, though annexed to bill of exceptions.

3. **Criminal law ⬿368(1)—Defendant's wife's statement to sheriff that barn wherein liquor was found belonged to defendant held admissible as res gestæ.**

In prosecution for possessing intoxicating liquors, sheriff's testimony that defendant's wife told him just before he searched barn wherein liquor was found that barn belonged to defendant *held* admissible as part of res gestæ of search.

4. **Criminal law ⬿363—"Res gestæ" statement may be testified to by any competent witness who heard it.**

Res gestæ statement is integral part of transaction, which can be testified to as fact by any competent witness who heard it.

5. **Criminal law ⬿368(1)—Sheriff held competent witness as to statement to him by defendant's wife.**

Sheriff, to whom defendant's wife stated, immediately before search, that barn in which liquor was found belonged to defendant, was competent witness as to such statement.

6. **Witnesses ⬿52(5)—Defendant's wife's declaration may be received as res gestæ, though she is not competent witness against husband.**

Defendant's wife's declaration may be received as res gestæ, even where she would not be competent witness against husband.

7. **Criminal law ⬿419, 420(1)—Extrajudicial statements of third persons inadmissible unless part of res gestæ or within other exceptions.**

Extrajudicial statements of third persons are inadmissible as hearsay, unless part of res gestæ or within other exceptions.

8. **Criminal law ⬿368(1)—When evidence of bystander's declaration is admissible.**

Declaration of bystander will be received in evidence, if fairly inferable that it affected action of participants in some essential particular or promoted doing of some important act.

9. **Criminal law ⬿363—Declarations accompanying and characterizing act admissible as material fact are part of res gestæ.**

Declarations accompanying and characterizing act, in itself competent and admissible as material fact and so admitted, are part of res gestæ as explanatory of such act.

O'Niell, C. J., and Overton, J., dissenting.

Appeal from Fifth Judicial District Court, Parish of Jackson; S. D. Pearce, Judge.

Sam Pilcher was convicted of possessing intoxicating liquors, and appeals.  Affirmed.

Elder, Thompson & Digby, of Farmerville, for appellant.

Percy Saint, Atty. Gen., and Wm. J. Hammon, Dist. Atty., of Jonesboro, for the State.

LAND, J. Defendant has appealed from a conviction and sentence for the unlawful possession of intoxicating liquors for beverage purposes.

### Bill of Exception No. 1.

[1] This bill was reserved to the overruling of a motion for a new trial, based on the ground that the verdict was contrary to the law and the evidence, and presents no question of law to be reviewed by this court.

### Bill of Exception No. 2.

[2] On the trial of the case counsel for the accused requested the following special charge:

"That the finding of 70 gallons of white corn liquor in cotton seed in an outhouse, partly upstairs and partly downstairs, about 125 yards from defendant's house, but on his premises, across the road, the finding taking place during defendant's absence, and where he has two grown sons living on the premises, with no showing that the whisky was placed there with defendant's knowledge or consent, and with the district attorney admitting that a witness, if present, would testify that the whisky was placed there on that day during defendant's absence and without his knowledge or consent, and the finding of a great many empty jugs and bottles in the outhouse and some several various size bottles in the house smelling like they had once contained whisky, are not facts of themselves sufficient to justify a conviction of defendant of possessing intoxicating liquor herein."

The court declined to charge itself as requested for the following reasons:

"That the above stated facts, in the opinion of the court, made out a strong prima facie case against the defendant of guilt as charged, and, taken with all the other evidence adduced upon the trial by the state, made certain the guilt of the accused."

The question clearly presented is not that of lack of evidence to convict, but of its sufficiency to establish the guilt of the accused. The district judge has settled this issue by declaring that the entire evidence in the case was sufficient to justify the verdict.

We must decline to review the evidence, although annexed to the bill of exception, as the question of sufficiency of the evidence vel non is one of fact and not of law.

### Bill of Exception No. 3.

[3] The sheriff and his deputies, armed with a search warrant, discovered eleven kegs of whisky and several hundred jugs and bottles in a barn located across the road from defendant's house. The officers had discovered, before searching the barn, a number of empty bottles in the dwelling house of the defendant, several of which retained the odor of whisky.

The sheriff, as a witness for the state, was asked by the district attorney what statement the wife of the defendant, who was absent at the time, had made to him before searching the barn. The question was objected to by counsel for defendant, on the ground that the testimony would be hearsay. The objection was overruled, and the witness answered the question by stating that defendant's wife, in reply to a question propounded by him, stated to the witness that the barn belonged to her husband.

We do not find any difficulty in arriving at the conclusion that the statement of the wife to the sheriff was admissible as a part of the res gestæ of the search.

This statement was made while the search of the premises was still in progress, and directly before the search of the barn. The statement stands in immediate ~~casual~~ causal relation to the act of search. It was the information upon which the officers acted; it induced the officers to make the search; it promoted the act of search; it was the sole reason for the participation by the officers in the search.

The declaration of the wife was therefore a part of the act of search, and the act of

search was a part of the declaration of the wife; so that the act of search cannot be separated from such declaration. Wharton, Cr. Ev. (10th Ed.) § 266; Id. § 263.

[4] "Res gestæ is not a witness. It cannot be summoned as a witness, nor sworn as a witness, nor put under the rule as a witness, nor punished for contempt or perjury as a witness. But it is a fact, an integral part of the transaction, occurring dum fervet opus, and, as a fact, it can be testified to by any competent witness who may have heard it, just as such witness may testify as to any other fact which transpires during the transaction, and which is and was a part thereof." Kenney v. State (Tex. Cr. App.) 79 S. W. 817, 65 L. R. A. 316.

[5] The statement of the wife that the barn belonged to her husband was made by her to the sheriff in person, at the time, and was not a secondhand relation of what that officer had heard. He was, therefore, a competent witness as to the statement.

[6] The declaration of a wife may be received as res gestæ even where she would not be a competent witness against her husband. People v. Foley, 64 Mich. 148, 31 N. W. 94; State v. Dellwood, 33 La. Ann. 1229.

[7] "It is elementary, in the matter of evidence, that the extrajudicial statements of third persons cannot be proved by hearsay, unless the statements are part of the res gestæ, or unless they fall within the other exceptions." State v. Buford, 52 La. Ann. 539, 26 So. 991.

[8] "The independently relevant statement may be that of a bystander. Wherever it can be fairly inferred that the declaration of such a person affected the action of the participants themselves in some essential particular, or promoted the doing of some important act, the evidence will be received." Chamberlayne, Modern Law of Evidence, vol. 4, § 2597.

[9] "Whenever evidence of an act is in itself competent and admissible as a material fact in the case, and is so admitted, the declarations accompanying and characterizing such act become a part of the res gestæ of the act as being explanatory of the àct." Campbell v. State, 133 Ala. 81, 87, 31 So. 804, 91 Am. St. Rep. 17; Viberg v. State, 138 Ala. 100, 35 So. 53, 100 Am. St. Rep. 22.

The act of search and the finding of the liquor in this barn was a material and competent fact in this case, and the statement of the wife is explanatory of the reason for the search; in fact, both its basis and motive.

The testimony of the sheriff as to the statement made to him by the wife was not therefore hearsay, but constituted a part of the res gestæ of the search, and was admissible in evidence.

The per curiam of the trial judge to bill of exception No. 2 shows that the facts set out in said special charge, and "all the other evidence adduced upon the trial by the state, made certain the guilt of the accused."

The conviction and sentence appealed from are therefore affirmed.

O'NIELL, C. J., and OVERTON, J., dissent from the ruling that the defendant's wife's declaration was part of the res gestæ or was admissible.