O’NIBLL, C. X
 

 Appellant was convicted of the crime of breaking and entering a dwelling house in the daytime, with intent to steal. The record contains only one bill of exception. It was reserved to a ruling of the judge, refusing to instruct the jury to disregard certain testimony, which the learned counsel for the defendant contended was hearsay. The testimony relating to the bill of exception is attached to the bill. The defendant, Brown, was arrested by two' detectives, Dillman and Smith, suspecting that he had committed the burglary. The detectives asked Brown where he resided, and he replied that he did not know the street number, but would go and show them the place. When the three arrived in front of the house, Brown said that he occupied the second room from the front, upstairs. Dillman went upstairs, and searched the room while Brown remained with Smith in an automobile. Dillman found in Brown’s room a woman whom he recognized as one who -had lived with Brown as his wife elsewhere in the city. Dillman found in the room, in a wardrobe drawer, a handful of miscellaneous jewelry, some of which was afterwards identified as having been stolen from the house that was burglarized. When Dillman, as a witness for the state, had testified to the facts which we have related, the attorney for the defendant asked the witness, on cross-examination, why he had said that the room in which he found the jewelry' was Charley Brown’s room, and the witness replied that the woman whom he found in the room told him, while he was searching the room, that it was Charley Brown’s room. The attorney then asked the witness if the woman’s statement was his only source of information that the room in which he found the jewelry was Charley Brown’s room, and the witness, after saying several times that that was his source of information, said finally that, besides the woman’s statement, he had Charley Brown’s admission that he occupied the room. Then thé attorney requested the judge “to instruct the jury to disregard any testimony as to Charley Brown’s room.” There was no reason for the judge to instruct the jury to disregard anything except the statement made by the woman to the detective, which was hearsay evidence. The judge refused to give the instruction, and in his per curiam says that he regarded the statement of the woman, made while the detective was searching the room, as a part of the res gestse. It was not a part of the res gestse, which, according to all authority on the subject, means the • component parts of the principal fact or transaction under investigation. A statement forming a part of an incidental transaction which is not itself a part of the principal fact or transaction under investigation is not a part of the res gestse.
 

 If the decision in State v. Pilcher, 158 La. 791, 104 So. 717, is opposed to that definition, the ruling was to that extent wrong and should not be perpetuated. If the fact that the woman made the statement to thé detective while he was searching the room had been, of itself and without regard for the truth of the statement, a material or important fact, the fact that she made the statement would have been admissible. But the woman’s statement was not at all important or relevant to the question of guilt or innocence of the defendant, except in so far as the jury might have believed the statement to be true, It was therefore
 
 *707
 
 subject to the rule forbidding hearsay evidence.
 

 The request made by the defendant’s attorney in this case, however, was to instruct the jury, not to disregard only the hearsay evidence, but to disregard “any testimonjr as to Charley Brown’s room.” The judge was right in refusing to give the instruction. The defendant’s attorney had brought out the hearsay evidence himself, and, knowing that it was hearsay evidence, persisted in having the witness repeat it, for the purpose, as shown by the manner of cross-examination, of arguing to the jury that the knowledge of the witness was founded upon hearsay evidence, and was therefore not reliable.
 

 The verdict and sentence are affirmed.
 

 ST. PAUL, LAND, and BRUNOT, JJ., concur in the decree.