THOMPSON, J.
 

 The above-named defendant and one Viola Thibodeaux were charged with having in their possession three cigarettes, “containing the dried form of the Mexican plant known as marijuana,” in violation of Act 41 of 1924.
 

 A severance was granted, and the present appellant was tried and found guilty.
 

 After a number of witnesses, including Viola Thibodeaux, had been examined in chief by the state and cross-examined by the defendant, the state offered in evidence the three marijuana cigarettes found in defendant’s possession. The offering was opposed by defendants’ counsel, for the reason, as stated in the bill, “that they (the cigarettes) had not been connected with the defendant.”
 

 The objection was overruled, and the cigarettes were admitted in evidence.
 

 This ruling furnishes the only complaint made by the defendant.
 

 The evidence introduced on the trial • was not reduced to writing, and, if it had been, we could not consider it for the purpose of deciding whether that evidence as a whole connected defendant with the unlawful possession of the cigarettes.
 

 That question was within the exclusive province of the judge before whom the case was tried.
 

 The judge in his per curiam states that the evidence established beyond a reasonable doubt that the accused was connected with and did have in his possession the marijuana cigarettes.
 

 The record does not show, and we cannot assume, that the conviction was based solely on the testimony of the codefendant.
 

 But, if that fact was patent, we would not be justified in setting aside the conviction, for the rule is well settled that, while the testimony of a codefendant or coadjutor in a crime should be received with extreme or at least a great deal of caution, yet a jury or the judge before whom the case is tried may convict on the uncorroborated testimony of such accomplice, if deemed sufficient by such judge or jury.
 

 Finding no error in the ruling complained of, the conviction and sentence are affirmed.