62 So.2d 609

**STATE v. MATASSA et al.**

No. 40977.

Dec. 15, 1952.

Rehearing Denied Jan. 12, 1953.

Eugene Stanley, New Orleans, for Frank Matassa and Joseph Matassa, defendants-appellants.

G. Wray Gill, New Orleans, for Antonio Panci, defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Severn T. Darden, Dist. Atty., Peter J. Compagno, and Raoul Seré, Asst. Dist. Attys., New Orleans, for appellee.

HAMITER, Justice.

A bill of information filed by an Assistant District Attorney for the Parish of Orleans charged, in four counts, that the four defendants herein (Joseph Matassa, Frank Matassa, Antonio Panci and Andrew Mourginnis) did willfully and unlawfully (1) have under their control, (2) sell, (3) transport, carry and convey, (4) deliver, a narcotic drug, to-wit: .74 ounces of heroin.

Under this bill of information the defendants were tried jointly by a jury, the trial resulting in a verdict reading: "Guilty as charged as to each defendant." The court thereafter sentenced each defendant to serve ten years at hard labor in the State Penitentiary on each count, the sentences as to the second, third and fourth counts to run concurrently with the sentence imposed on the first count.

From the convictions and sentences the four defendants appealed, and for a reversal they rely on numerous perfected bills of exceptions reserved during the course of the proceedings.

■ All defendants maintain that the judge erred in overruling a motion for a bill of particulars. The motion had a two-fold purpose, one being to ascertain whether the state would contend that the offenses were committed by the defendants individually and directly or by them collectively as accessories before the fact. In refusing to order the furnishing of this information the judge did not abuse the discretion vested in him. The request related to evidence to be used in proof of the offenses charged, and the state was not required to furnish it before trial. See State v. Poe, 214 La. 606, 38 So.2d 359.

■ The other purpose of the motion for a bill of particulars was to have the state particularize as to the type or kind of heroin with which defendants allegedly dealt. Assuming for the sake of argument that heroin can be obtained from plants other than the opium poppy, as defense counsel contend, it was not necessary for the state to declare the origin of the substance involved here. Our Uniform Narcotic Drug Law, LSA–R.S. 40:961 et seq., for the violation of which these defendants are being prosecuted, recites that "It is unlawful for any person to manufacture, possess, have under his control, sell, give, deliver, transport, prescribe, administer, dispense, or compound any narcotic drug, * * *." And the "Definitions" section of the law, among other things, states:

" 'Narcotic drugs' means coca leaves, opium, cannabis, marijuana, isonipecaine and every substance neither chemically nor physically distinguishable from them. * * * 'Opium' includes morphine, codeine, and heroin, and any compound, manufacture, salt, derivative, mixture, or preparation of opium, but does not include apomorphine or any of its salts." Thus, specifically included in the definition of the narcotic drug "opium", and without regard to its origin, is "heroin". Moreover, the expert testimony in the record (adduced out of the presence of the jury) is to the effect that neither chemically nor physically can it be determined whether the heroin with which these defendants allegedly dealt was derived from the opium poppy or from some other plant (assuming, as defense counsel contend, that the latter derivation is possible).

Another complaint of all defendants concerns the court's ruling on the state's objection offered while prospective jurors were being examined on their voir dire. In propounding a question one of defense counsel stated: "Gentlemen, don't answer the question until his honor rules. These defendants are charged in a single information containing four counts, with four separate and distinct violations of the narcotic act. A conviction of any one of which counts would carry with it imprisonment in the state penitentiary of not less than ten nor more than fifteen years at hard labor, in the state penitentiary." At this point the state objected, and the court ruled that the question was improper. Thereupon the mentioned defense counsel announced the reservation of a bill of exceptions (in this he was joined by the others), and he commented that " * * * the question is a proper question for the reason that the bill of information contains four counts and I thought and think because the bill of information contains four counts that the question was a proper question and that I will, outside the presence of the jury panel, elaborate the reasons at a later time if necessary."

Except in plain cases of abuse of discretion an appellate court will not disturb the trial judge's action in connection with the examination of prospective jurors. With respect to the ruling presently under consideration no such abuse appears. As is indicated by his per curiam the judge evidently thought that counsel, by his reference to the severe penalty possible of imposition on conviction, was attempting to have a verdict returned that would not be based solely on the evidence. Under these circumstances the judge had the right to prevent a completion of the question.

Counsel for the defendant Panci reserved a bill of exceptions when the court refused to permit the cross examining of a state witness (Officer Jay Sedgebeer) concerning what Mrs. Panci had stated to him regarding the use of a jug and ice pick noticed in Panci's home at the time

of the arrest. Clearly, the questions sought the eliciting of hearsay testimony. But counsel argues that it was admissible as forming a part of the res gestae. With this we do not agree. It does not appear that the purported statement of Mrs. Panci was a necessary incident of the alleged criminal act or an immediate concomitant of it, a requisite in constituting res gestae. See LSA–R.S. 15:447 and 15:448; State v. Robertson, 133 La. 806, 63 So. 363; State v. Brown, 161 La. 704, 109 So. 394.

█ Exception was taken also by Panci's counsel upon being denied the privilege of questioning the same officer as to whether the automobile driven by Panci in connection with the alleged narcotic violation belonged to Panci or to his wife. The matter of ownership of the car was irrelevant, and the judge did not err in excluding the testimony.

█ Again, Panci's counsel reserved a bill of exceptions in connection with certain testimony of one Lawrence De Silva, a state witness, given in answer to questions of the prosecuting attorney. The testimony, objection and ruling were as follows:

"Mr. Compagno:

"Q. Where did you get this .74 ounce of heroin on December 15th, 1951? A. Through a transaction.

"Q. Who did you transact with? A. Frank Matassa.

"Q. Anyone else? A. Mourginnis.

"Q. Anyone else? A. Panci.

"Mr. Gill: I object, that's the first time Panci's name has been mentioned.

"The Court: Overruled.

"Mr. Gill: Reserve a bill."

Under this bill, as we appreciate it, counsel contends that the state should have shown by De Silva the manner of Panci's connection with the transaction. There is no merit to the contention. It could well be that the state was relying on other evidence, as it had the right to do, for informing the jury how Panci participated. Besides, defense counsel had ample opportunity to cross examine the witness on the extent of his knowledge of the part played by Panci.

█ When John M. Danneker, chemist for the City of New Orleans, was called as a witness to testify as to his analysis of the substance forming the basis of this prosecution, all defendants objected on the ground that the substance had not been identified and connected with them. The court overruled the objection and a bill of exceptions was reserved. In the ruling we find no error. Prior to the calling of the chemist, according to the record, the state had introduced evidence tending to provide the required identification and connection. Whether or not it was sufficient for that purpose was a question of fact for the jury's determination. See State v. Lawrence, 221 La. 861, 60 So.2d 464.

█ The same city chemist was subsequently asked by defense counsel, in the

presence of the jury, whether he was able to identify the heroin as being a derivative of opium, the contention of counsel being that if derived from some other source its possession and handling is not denounced by the Uniform Narcotic Drug Law. An answer to the question was prevented by the court's sustaining of the state's objection, and all defendants reserved a bill of exceptions. The ruling was correct for, as pointed out above in connection with the discussion of the motion for a bill of particulars, all heroin (regardless of its origin) is included in the statutory definition of narcotic drugs.

Counsel for Panci reserved bills of exceptions on the overruling of his objections to the offering by the state of certain "Sweetheart" waxed, paper cups and certain brown coin envelopes which police officers removed from a black Dodge automobile parked in front of Panci's home when they arrested him. In laying the foundation for the offering the state had shown that a few hours previous to the arrest Panci was observed in the City of New Orleans driving the same car very slowly in the 1000 Block of North Johnson Street, alongside of which coursed a ditch; that in the ditch the substance in question was found shortly after his passing there; and that such substance, a white powder, was contained in a brown coin envelope inserted in a crumpled "Sweetheart" waxed, paper cup similar in appearance (shape, size and color) to the cups taken from the car driven by Panci. In view of the showing thus made the cups and coin envelopes were admissible. As to whether they were identical in make and texture with the cup and envelope that contained the heroin, and if so what weight should be given them as circumstantial evidence, were questions determinable by the jury.

A bill of exceptions, relied on by all defendants, was taken to the action of the court in permitting Mr. Sere, an assistant district attorney who investigated the case, to read to the jury in the opening argument for the state a certain part of the opening statement that he had read to the jury before the commencement of the trial. In his argument, to which the objection was made, Mr. Sere said:

"I am reading this part of the opening statement in order that you will recall just what we said to you gentlemen we would prove as to how this transaction was consummated. I then want to show you from the evidence that we carried the burden of proving that transaction was handled in this manner. I quote from the opening statement, page 1, last paragraph.

" 'The person purchasing the narcotics would call the defendant Frank Matassa on the telephone and advise him that he was going to take a ride whereupon the accused Mourginnis would cruise within a certain area until he made contact with the purchaser of narcotics and when the accused Mourginnis made this contact he would receive the purchase money from the pur-

chaser and advise the purchaser to telephone the accused Frank Matassa who would advise him of the time and place when Antonio Panci would deliver the narcotics after Mourginnis had received the purchase price and that participating in this conspiracy as a partner of Frank Matassa; —that by virtue of this conspiracy the state will show that the four defendants were engaged in the sale and delivery of narcotic drugs.'" With respect to his ruling the judge, in a per curiam, commented:

"I permitted the prosecuting attorney for the state to read the contents of the opening statement made at the beginning of the trial and at the same time I instructed the jury that an opening statement should not be considered as evidence in the case. In my written general charge to the jury at the conclusion of the trial, I again instructed the petty jury that an opening statement made by the state should not be considered by them as evidence in the case. At the time objection was made counsel for the state was reading a portion of the opening statement with regard to certain transactions produced at the trial of the case."

 As stated in the briefs of defense counsel, "The crux of this bill is to the effect that the Assistant District Attorney in his argument was stating facts to the jury which were the result of his personal knowledge and his official investigation and participation in the matter as an Assistant District Attorney which had not been put before the jury in the trial; that he was in effect testifying to the result of his previous investigation without having taken the stand as a witness and without having placed these facts before the trial jury by any witness who had testified in the case." In making this contention defense counsel cite and rely on those decisions of this court to the effect that the district attorney should not be permitted to express to the jury his individual opinion or belief that the defendant is guilty, basing it upon something which he knows outside of the evidence adduced. State v. Clayton, 113 La. 782, 37 So. 754; State v. Accardo, 129 La. 666, 56 So. 631; State v. Iverson, 136 La. 982, 68 So. 98; State v. Horton, 151 La. 683, 92 So. 298; and State v. Cascio, 219 La. 819, 54 So.2d 95. But these decisions are inapplicable here. Assuming that the statement read by the assistant district attorney constituted an expression of his personal opinion as to the guilt of defendants, he specifically informed the members of the jury at the time that his view was predicated only on the evidence before them. Thus, before reading from the statement, he told the jurors: "I then want to show you *from the evidence* that we carried the burden of proving that transaction was handled in this manner." Too, the jury well understood that the statement was not to be considered as evidence, for the judge so instructed them when objection was made thereto and also later in his general charge. It is certain, therefore, that the defendants were in no manner prejudiced

by the assailed action of the assistant district attorney.

A bill of exceptions was taken to the refusal of the court to grant special charges numbered one to six, inclusive, requested by defendants. The bill is without merit. The first four requested charges, relating to circumstantial evidence, conspiracy, weight and sufficiency of testimony, and willful and unlawful possession, were amply covered by the judge's general charge. The remaining two were properly refused because they contained incorrect statements of law. Thus, with respect to special charge number five, it was not necessary (as above shown) for the state to prove (as defendants contended) that the heroin involved was derived from opium. And, with reference to special charge number six, it is not the law of this state that the uncorroborated testimony of an accomplice is insufficient for a conviction. To the contrary this court made the following observation in State v. Feraci, 167 La. 78, 118 So. 699: " * * * the rule is well settled that, while the testimony of a codefendant or coadjutor in a crime should be received with extreme or at least a great deal of caution, yet a jury or the judge before whom the case is tried may convict on the uncorroborated testimony of such accomplice, if deemed sufficient by such judge or jury." See also State v. Firmatura, 121 La. 676, 46 So. 691.

A motion for a new trial filed by defendant Panci was based on the allegation that no evidence of guilt whatever as to him was introduced. When the judge overruled the motion Panci's counsel reserved a bill of exceptions, making a part of it "all of the testimony, exhibits, offerings, minute entries and each and every proceeding had during the course of the trial." The judge refused to order the stenographer to transcribe "all of the testimony"; whereupon, counsel reserved another bill. Also Panci's counsel applied here for a writ of mandamus to compel the judge to order the transcription. These two bills, as well as the application for the writ, will be discussed together. It is elementary that in criminal cases this court cannot pass upon the sufficiency of the evidence. Where some evidence has been adduced upon which a verdict of guilty can be predicated (no matter how little), the question of its sufficiency is exclusively for the jury's determination. In the record before us is the complete testimony of numerous police officers who participated in this case, as well as that of the accomplice De Silva, and it provides a chain of strong circumstantial evidence indicating the existence of a conspiracy among all four defendants to sell and deliver the narcotics in question. Additonally, the witness De Silva testified directly that he obtained the heroin in a transaction which, to his knowledge, involved Frank Matassa, Mourginnis and Panci. Therefore, it must be said that the jury was confronted with some evidence on which it could find these defendants guilty as charged, and that we

are without right to reverse its finding. Furthermore, in view of the mentioned evidence already in the record before us which tends to show guilt, no useful purpose would be served by our compelling the judge to provide a transcription of all of the testimony adduced, even assuming that he erred in refusing to do so.

Finally, a bill of exceptions, reserved by all defendants, was taken to the overruling of a motion in arrest of judgment. To quote from a brief of defense counsel, the motion " * * * alleges that the defendants were charged with four separate and distinct offenses and that a general verdict of guilty was rendered by the jury without specifying which separate and distinct offense the defendants had been found guilty of; that the general verdict of guilty rendered herein is illegal, null and void, as it was the duty of the jury to have specifically passed upon each count separately, applying to each count the evidence bearing on the defendants' guilt of the offense charged therein, and that a general verdict of guilty could not be rendered in this case, as each count charged a separate and distinct offense."

▆ The motion in arrest of judgment, we think, was properly overruled. The state's theory in the prosecution is that the four defendants entered into a conspiracy for the sale and delivery of narcotics. Accordingly, it charged all of them in the bill of information on four counts with willfully and unlawfully (1) having under their

control, (2) selling, (3) transporting, (4) delivering .74 ounces of heroin. Under this bill of information, to which no objection of duplicity was urged by way of a demurrer or a motion to quash, the defendants were tried jointly; and the jury returned a general verdict of "Guilty as charged as to each defendant." This verdict was responsive to the charges made in the bill of information, and it could be rendered if the jury was confronted with some evidence in proof of the state's conspiracy theory. "The parties to crimes are classified as: (1) Principals; and (2) Accessories after the fact." LSA-R.S. 14:23. "All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals." LSA-R.S. 14:24. As before stated the record before us discloses that some evidence was introduced tending to link all of the defendants to the mentioned conspiracy. Whether it was sufficient to justify the verdict rendered was a question within the exclusive province of the jury.

In support of the bill of exceptions presently under consideration defense counsel cite a statement found in 23 C.J.S., Criminal Law, § 1403(b), reading as follows: "Distinct offenses in several counts should be passed on by the jury separately, and unless the evidence supports each count, a

general verdict of guilty is insufficient." It does not appear that this statement of law militates against our views above expressed.

For the reasons assigned the convictions and sentences are affirmed.