312 So.2d 656 (1975)
STATE of Louisiana
v.
Aaron HAMILTON.
No. 55722.
Supreme Court of Louisiana.
April 24, 1975.
Concurring Opinion On Denial of Rehearing May 30, 1975.
*657 Fredric G. Hayes, Fredric Hayes, Inc., Lafayette, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant was tried and convicted of burglary. R.S. 14:62. He was sentenced *658 to serve four years at hard labor. On appeal he urges numerous assignments of error. Essentially, he contends that he was prejudiced by (1) the exclusion of women from the jury venire, the denials of (2) a preliminary hearing, (3) his motion for a directed verdict, (4) his request for a special charge and (5) the trial judge's refusal to release the pre-sentence report or recuse himself.
Defendant was arrested on September 19, 1973 and a bill of information charging him with burglary was filed on that day. On October 10, 1973 he filed a motion for a preliminary hearing which was denied. Under the statute and jurisprudence applicable at that time, defendant was not entitled to a preliminary hearing if his request was filed after the filing of a bill of information; to grant or deny the request was within the discretion of the trial court. C.Cr.P. 292; State v. Jackson, 258 La. 632, 247 So.2d 558 (1971); State v. Barnes, 257 La. 1017, 245 So.2d 159, appeal dismissed, cert. denied, 404 U.S. 931, 92 S. Ct. 289, 30 L.Ed.2d 244 (1971). Defendant fails to show any abuse of this discretion.
Defendant was tried on February 21-22, 1974 by a jury selected in accordance with Louisiana Constitution (1921), Art. VII, § 41 and C.Cr.P. 402, which provide for a general exemption for women. The United States Supreme Court held that the decision in Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), need not be applied retroactively in Daniel v. Louisiana, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975). This court held in State v. Rester, 309 So.2d 321 (La. 1975), that we would not give the Taylor case retroactive effect. There is no merit in this assignment.
At trial Officer Rodney Credeur and Detective Sidney Broussard testified that they found the defendant's car parked in a carport next to the B. F. Goodrich store which was the subject of the burglary. The car had been reported to the policy by a witness who had observed it and the occupants driving suspiciously. Upon arriving at the scene, the officers found the store had been entered by breaking a glass in the door. The offices had been rifled and a television set from the store was in the driveway near the car.
Wilson George testified that he had burglarized the B. F. Goodrich store with the defendant, and that they had both fled when the police arrived. George had pleaded guilty to the burglary. There was sufficient evidence to support a guilty verdict. To justify a motion for a directed verdict, there must be an absence of evidence of guilt, or of an essential element of the offense charged. State v. Douglas, 278 So.2d 485 (La.1973). The trial court correctly denied defendant's motion for a directed verdict.
Defendant requested the following special charges dealing with circumstantial evidence and the reliability of an accomplice's testimony:
"Special Charge Number 3
"I charge you that circumstantial evidence is legal, and you may convict upon such evidence alone; but I charge you that, to do so, the circumstances relied on for conviction must not only be consistent with the defendant's guilt, but inconsistent with every other reasonable hypothesis."
"Special Charge Number 5
"I charge you that an alleged accomplice's confession alone is not sufficient to establish the guilt of Defendant. Such evidence is subject to suspicion and should be received and acted upon with extreme or at least with grave caution."
The court's general charge included an adequate explanation of circumstantial evidence, and specifically included the ideas contained in defendant's requested Charge No. 3. There were some lines in the general charge which were not precisely correct, but these were not objected to *659 by defendant. Giving requested Charge No. 3 would have been repetitious.
Defendant's requested Charge No. 5 is not a correct statement of the law. The subject was adequately covered in the general charge, a portion of which stated:
"The jury may convict upon his [accomplice] uncorroborated testimony and while it is not the rule of law it is rather the rule of our experience in dealing with that class of testimony, that while you may convict upon the uncorroborated testimony of an accomplice, still you should act upon his testimony with great caution, subjected to a careful examination in the light of the other evidence in the case, and you are not to convict upon such testimony alone, unless satisfied, after a careful examination, of its truth, and also that you can safely rely on it."
The general charge correctly summarized the law as developed by prior jurisprudence. State v. Lewis, 236 La. 473, 108 So.2d 93 (1959); State v. Matassa, 222 La. 363, 62 So.2d 609 (1952); State v. Feraci, 167 La. 78, 118 So. 699 (1928); State v. Prudhomme, 25 La.Ann. 522 (1873).
Finally, defendant contended that he was entitled to a copy of the pre-sentence report and that the trial judge should have recused himself because he was aware of defendant's juvenile record and would consider this information in determining sentence. The motion to recuse did not state any ground for reversal (C.Cr.P. 671) and was properly denied.
Defendant contended that he was entitled to the pre-sentence report because it contained hearsay statements which he had a right to challenge. C.Cr.P. 877 provides:
"The pre-sentence or post-sentence investigation report shall be privileged and shall not be disclosed directly or indirectly to anyone other than the sentencing court, members of the division of probation and parole supervision, the officer in charge of the institution to which the defendant is committed, the parole board, the probation or the parole officer if the defendant is placed on probation or released on parole, medical authorities if the defendant is committed to a hospital, the pardon board, and the governor or his representative.
"Before imposing sentence the court may advise the defendant or his counsel of the factual contents and conclusions of any pre-sentence investigation report. The sources of confidential information shall not, however, be disclosed."
Additionally, C.Cr.P. 875 provides that: "In making the investigation, the probation officer shall inquire into the circumstances attending the commission of the offense, the defendant's history of delinquency or criminality, his family situation and background, economic and employment status, education, personal habits, and other matters deemed relevant by the officer, or ordered investigated by the court." The report therefore would necessarily contain hearsay and the defendant's juvenile record. He would not have any right to challenge the hearsay statements, as these statements are not the basis for a conviction, but for a determination of a proper sentence within the prescribed bounds fixed by the legislature.
Defendant incorrectly cites Murray v. Murray, 220 So.2d 790 (La.App.1969) as holding that hearsay may not be used in a pre-sentence report. That case held that hearsay statements contained in a report of the Child Welfare Division of the Department of Public Welfare could not be used in resolving the merits of the custody dispute in a divorce suit. The situation is completely inapposite to the instant case.
The trial judge did not abuse his discretion in denying the production of the presentence report.
For the reasons assigned, the conviction and sentence are affirmed.

*660 On Application for Rehearing

TATE, Justice (concurring in denial).
I concur in the denial of rehearing, but I have reservations whether sufficient showing was made that the trial court's discretion in denying the accused's counsel access to the pre-sentence report, upon his request, did not violate due process requirements of the state and federal constitutions. The needs of confidentiality as to the informants must be balanced against the unfairness in permitting a convicted defendant's sentence to be based upon information undisclosed to his counsel, which may not be accurate or which may be explainable.