LOTTINGER, Judge.
Defendant, Susan Hiatt, was charged by bill of information on October 26,1981 with distribution of diazepam, a violation of La. R.S. 40:969(A). Defendant pled not guilty. On the date set for trial, she asked that the court allow her to change her plea to guilty. After a Boykin examination, the trial court ruled the plea was made voluntarily and accepted the guilty plea. Before sentencing, defense counsel filed a motion to vacate the guilty plea and to enter a plea of not guilty. Defendant also filed a mo *249 tion in the alternative to be sentenced as a first offender. Both motions were denied. After a hearing, the defendant was sentenced to one year imprisonment at hard labor. She appeals her conviction and sentence, alleging four assignments of error.
ASSIGNMENTS OF ERROR NUMBERS 1, 2, 3, AND 4
Defendant contends that the trial court erred in not sentencing her to a suspended sentence and unsupervised probation. She argues that the trial judge should not have relied on the pre-sentence report which contained hearsay statements of defendant’s prior felony conviction in the state of Georgia. She also argues that the trial court erred in not allowing her to withdraw her guilty plea since she pled guilty under the good faith belief that she did not have a prior felony conviction and would be eligible for a suspended sentence as a first offender.
It is well established that when the trial court relies on pre-sentence information which is materially false or invalid, a defendant must be given an opportunity to refute or explain such misinformation. State v. Lockwood, 399 So.2d 190 (La.1981). The sentencing judge here expressly relied on the information in the pre-sentence report, as he stated that probation would be the preferred sentence but for her prior conviction.
The pre-sentence investigation report ordered by the trial court indicated that defendant was a second offender, as she had a prior felony conviction in Georgia. Under La.Code Crim.P. Art. 893, she would not be eligible for a suspended sentence. Defendant contends she had no prior convictions. At the Boykin examination conducted before the acceptance of her guilty plea, she denied any prior convictions. Furthermore at the hearing on the motion to vacate the guilty plea, defense counsel introduced evidence to rebut the pre-sen-tence investigation report. Defense counsel introduced two letters from the Cobb County Clerk of Superior Court in Georgia. The first, dated September 7, 1982, stated Ms. Hiatt did not have a felony record in that court. The letter dated September 21, 1982, stated Ms. Hiatt was formally adjudicated not guilty on January 4, 1977. The state never objected to the introduction of these letters.
We conclude that the evidence introduced by defendant rebuts the pre-sentence investigation report’s conclusion that she is a second offender. The report states that Susan Hiatt claims to have received an automatic first offender pardon on her Georgia conviction. The only other evidence indicating a prior conviction is the FBI rap sheet attached to the pre-sentence investigation which lists a Georgia felony conviction and probation. The court could rely on this information, even though hearsay, in sentencing defendant. Pre-sentence reports by their nature contain hearsay. See State v. Hamilton, 312 So.2d 656 (La.1975).
Nevertheless, while no full-scale evidentiary trial is required at the sentencing hearing and the state is not required to prove the prior conviction beyond a reasonable doubt, the state should have presented some evidence to explain defendant’s rebuttal of the report. See State v. Trahan, 367 So.2d 752 (La.1979). The state merely argued that the judge should rely on the report despite the letters introduced by defendant. The state contended that defendant’s record was expunged in compliance with Georgia law after completion of her probationary period. No proof of this contention was offered by the state, nor was any other proof of her supposed conviction. Therefore, defendant’s sentence will be vacated and this case remanded for sentencing of defendant as a first offender.
Having found merit in defendant’s argument that she should have been sentenced as a first offender, her alternative argument relative to withdrawal of her guilty plea is rendered moot.
Therefore, for the above and foregoing reasons, defendant’s conviction is affirmed, but the sentence is vacated and the case is remanded for resentencing.
*250 AFFIRMED IN PART AND REMANDED.