# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 95-30849
Summary Calendar

---

CHARLES W. CLARKE,

Petitioner-Appellant,

versus

BURL CAIN, Acting Warden;
RICHARD P. IEYOUB, Attorney
General, State of Louisiana,

Respondents-Appellees.

---

Appeal from the United States District Court
For the Eastern District of Louisiana
(95-CV-26-F)

---

May 1, 1996

Before POLITZ, Chief Judge, SMITH and BARKSDALE, Circuit Judges.

POLITZ, Chief Judge:[*]

Charles W. Clarke appeals the district court's denial of his habeas corpus petition

under 28 U.S.C. § 2254.  We affirm.

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Background

In April 1990 Katie Andrews Clarke died three days after being admitted to the hospital in a severely beaten condition. Charles W. Clarke, her husband, was arrested shortly thereafter and charged with her murder. In June 1990 the district attorney filed a bill of information charging Clarke with manslaughter, a violation of La.R.S. 14:31. Clarke, represented by counsel, entered a guilty plea and signed a "Waiver of Constitutional Rights/Plea of Guilty Form" stating his intentions in writing. Clarke was **Boykin**ized,[1] pled guilty, and was sentenced to 18 years imprisonment. There was no direct appeal.

After several unsuccessful tries at obtaining post conviction relief in state court, Clarke filed the instant petition for federal habeas corpus relief in which he alleges, *inter alia*, that his guilty plea was involuntary and that his counsel rendered constitutionally ineffective assistance. The district court denied relief but granted Clarke a certificate of probable cause to appeal. Clarke timely appealed.

Analysis

"If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea and any concomitant agreement will be upheld on federal review."[2] To determine ineffectiveness of counsel in a guilty plea setting we ask whether, but for counsel's deficient

---

[1]**Boykin v. Alabama**, 395 U.S. 238 (1969).

[2]**Deville v. Whitley**, 21 F.3d 654, 656 (5th Cir.) (quotation marks omitted) (citations omitted), cert. denied, 115 S.Ct. 436 (1994).

2

performance, the claimant would have pled guilty.[3]   The ultimate question is the voluntariness of the plea; thus, "[e]ven where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary."[4]

Clarke first claims ineffectiveness of counsel based upon his counsel's assurance that he would receive probation.[5]  Clarke was advised by the trial judge during the plea colloquy that he faced up to 21 years in prison and that no promises or representations had been made regarding his sentence.  Clarke expressed his understanding of these assertions and further declared that he was satisfied with his counsel and that no promises or representations had been made to induce his plea.  These declarations, made in open court, carry a strong presumption of verity which the unsupported allegations in Clarke's instant petition are insufficient to rebut.[6]

Clarke next submits that his counsel misled him by advising that he was exposed to a second degree murder charge even though he was billed only with manslaughter.  Clarke

---

[3]**Strickland v. Washington**, 466 U.S. 668 (1984); **Deville**.

[4]**United States v. Diaz**, 733 F.2d 371, 376 (5th Cir. 1984).

[5]Clarke also argues that counsel rendered ineffective assistance by failing to explain the elements of the manslaughter offense.  Because this argument requires a factual determination but was not advanced in the district court, we do not consider it on appeal. **Varnado v. Lynaugh**, 920 F.2d 320 (5th Cir. 1991) (issues raised for first time on appeal are not reviewable unless they present purely legal question and failure to consider them would result in manifest injustice).

[6]**Blackledge v. Allison**, 431 U.S. 63 (1977).

further contends that his counsel's statement that the district attorney would seek a murder indictment if he did not plead guilty to manslaughter was merely an "idle threat" because the evidence would not support an indictment for murder. The record shows that Clarke confessed to striking his wife repeatedly, that blood was found throughout their residence, and that Mrs. Clarke was admitted to the hospital with no brain activity, the result of a blunt head trauma caused by extensive beating. The police, upon investigating the house, found signs that someone had attempted to clean up some of the blood. This evidence, absent suggestion or indication of provocation, is as reasonably susceptible to a finding of second degree murder as it is to one of manslaughter.[7] If counsel informed Clarke that he was facing the possibility of an indictment for murder, counsel was merely stating the obvious. The rendering of this advice did not constitute deficient performance.

Clarke next claims ineffective assistance of counsel based upon counsel's failure to file a motion to suppress or investigate possible defenses to the charge. A valid guilty plea waives all nonjurisdictional defects, including ineffectiveness of counsel, unless counsel's error affected the voluntariness of the plea.[8] Clarke's instant claims do not focus upon the

_____

[7]Compare La.R.S. 14:30.1 (second degree murder occurs when offender has specific intent to kill or commit great bodily harm and victim dies); 14:31 (manslaughter occurs when there are circumstances which would be murder but that offense is committed in sudden passion or heat of blood immediately caused by sufficient provocation).

[8]**Smith v. Estelle**, 711 F.2d 677 (5th Cir.) (voluntary guilty plea waived claims of ineffective assistance of counsel involving review of prosecutor's file to verify laboratory test results, failure to investigate witnesses, and failure to contest legality of arrest), cert. denied, 466 U.S. 906 (1984).

4

voluntariness of his plea but, rather, seek "to find 'holes' in the government's case."[9]  Such a hindsight review of counsel's performance as it pertains to the merits of Clarke's case is barred by the guilty plea; accordingly, we must deem these claims waived.

Clarke also contends that counsel was responsible for his being placed in a "rubber room" and put on suicide watch for three days, suggesting that this experience coerced him into entering a guilty plea.  Clarke indeed was held in the rubber cell for three days, but he was released more than two months prior to the entry of his guilty plea.  We hold that the limited duration of confinement, when viewed in light of its temporal distance from the guilty plea, and in light of the fact that the record contains no evidence of subsequent threats of similar confinement, is simply insufficient to establish a coercive effect upon Clarke.

Clarke next maintains that his attorney labored under a conflict of interest because he was interested in obtaining a fee.  We review conflict-of-interest cases not involving serial or multiple representation under the **Strickland** standard.[10]  Even if we assume, *arguendo*, that Clarke's counsel was very interested in compensation for his professional services, and acted somehow in an unethical manner, Clarke has not demonstrated how such conduct impacted his decision to plead guilty.  This assignment of error lacks merit.

Finally, Clarke challenges counsel's failure to object to the trial judge's review of "hearsay" letters, recounting Clarke's history of abusiveness, which were sent to the judge

---

[9]**Id.** at 682.

[10]**Beets v. Scott**, 65 F.3d 1258 (5th Cir.), <u>cert</u> <u>denied</u>, _____ S.Ct. _____, 1995 WL 770116 (U.S. Apr. 22, 1996).

by the victim's family and by his ex-wife. Louisiana law permits judges preparing for the sentencing function to consider appropriate evidence of prior criminal activity for which the defendant has not been convicted.[11] These letters qualify as such. Clarke has not demonstrated prejudice; his plea for the Great Writ must fail.

AFFIRMED.

---

[11]**State v. Hamilton**, 312 So.2d 656 (La. 1975); **State v. Jones**, 587 So.2d 787 (La.App. 3d Cir. 1991), writ denied, 590 So.2d 78 (La. 1991); **State v. Bishop**, 571 So.2d 749 (La.App. 2d Cir. 1990).