375 So.2d 80 (1979)
STATE of Louisiana
v.
Michael MURRAY.
No. 63991.
Supreme Court of Louisiana.
September 4, 1979.
Concurring Opinion October 10, 1979.
*82 Alton T. Moran, Director, Public Defender, Gail H. Ray, App. Counsel, Asst. Public Defender, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Doug P. Moreau, Kay Kirkpatrick, Asst. Dist. Attys., for plaintiff-appellee.
MARCUS, Justice.
Michael W. Murray was charged by bill of information with armed robbery in violation of La.R.S. 14:64. After trial by jury, defendant was found guilty as charged and sentenced to serve five years at hard labor without benefit of parole, probation or suspension of sentence. On appeal, defendant relies on fourteen assignments of error for reversal of his conviction and sentence.

ASSIGNMENTS OF ERROR NOS. 1, 2, 3, 4 AND 5
Defendant contends the trial judge erred in allowing the state two challenges for cause based upon the prospective jurors' admission that they would not believe the testimony of the victim who was an alleged homosexual. He also argues that the trial judge erred in overruling his objections to the state's comments upon the victim's homosexuality during the voir dire examination, thereby evoking the sympathy of the jurors in favor of the victim and prejudicing them against defendant.
During voir dire examination of each of three panels of prospective jurors, the state indicated that the victim of the crime charged had homosexual tendencies. Accordingly, the state asked the prospective jurors whether they had any prejudices against homosexuals which would cause them to disbelieve the testimony of the victim. Two of the prospective jurors indicated that they would, under no circumstances, believe the testimony of a witness who was a homosexual. The trial judge sustained the state's challenge for cause of these prospective jurors. Defendant objected to the excusal for cause of one of the prospective jurors (Assignment of Error No. 1), but did not object as to the other (Assignment of Error No. 4). In addition, defendant objected three times during voir dire to the state's references to the victim as a homosexual (Assignments of Error Nos. 2, 3 and 5).
La.Code Crim.P. art. 786 provides that the court, the state, and the defendant shall have the right to examine prospective jurors and the scope of the examination shall be within the discretion of the court. We have recognized that the purpose of voir dire examination is to determine qualifications of prospective jurors by testing their competency and impartiality. It is designed to discover bases for challenges for cause and to secure information for an intelligent exercise of peremptory challenges. The scope of voir dire examination *83 is within the sound discretion of the trial judge and his rulings will not be disturbed on appeal in the absence of a clear abuse of discretion. State v. Jackson, 358 So.2d 1263 (La.1978).
La.Code Crim.P. art. 797 provides that the state or defendant may challenge a juror for cause on the ground that "[t]he juror is not impartial, whatever the cause of his partiality." This court has consistently held that the trial judge is vested with wide discretion in determining the qualifications of jurors to serve at a trial. Absent a clear showing of abuse of discretion, the trial judge's ruling should not be disturbed on appeal. State v. Labostrie, 358 So.2d 1243 (La.1978); State v. George, 346 So.2d 694 (La.1977); State v. Jones, 315 So.2d 650 (La.1975). Moreover, it is well settled that the erroneous allowance to the state of a challenge for cause does not afford the defendant a ground for complaint, unless the effect of such ruling is the exercise by the state of more peremptory challenges than it is entitled to by law. La.Code Crim.P. art. 800; State v. Labostrie, supra; State v. George, supra; State v. Ross, 343 So.2d 722 (La.1977); State v. Skelton, 340 So.2d 256 (La.1976).
In the instant case, in view of the testimony of two prospective jurors that under no circumstances would they believe the testimony of a homosexual, we are satisfied that the trial judge did not abuse his discretion in sustaining the state's challenge for cause of these prospective jurors. Furthermore, the record reveals that the state used only ten of the twelve peremptory challenges allowed by law under the provisions of La.Code Crim.P. art. 799. Hence, even had we determined that the trial judge improperly sustained the state's challenge, defendant would be entitled to no relief. We further conclude that the trial judge did not abuse his discretion in allowing the state to comment upon the victim's homosexuality. Such comments were necessary in order for the state to properly test the impartiality of the prospective jurors and discover bases for challenges for cause. In any event, we fail to perceive in what manner such comments could have prejudiced defendant.
Assignments of Error Nos. 1, 2, 3, 4 and 5 are without merit.

ASSIGNMENT OF ERROR NO. 6
Defendant contends the trial judge erred in denying his request for an instruction to the jury to disregard the alleged leading questions asked of state witness Ronald Crawford.
On redirect examination by the state, Crawford, victim of the crime charged, identified defendant as one of the individuals who robbed him. During further questioning by the state as to his identification of defendant, the following colloquy took place:
Q. And you remembered his clothing?
A. Yes.
Q. And you remembered . . .
MR. SIMMONS: Objection, Your Honor.
THE COURT: Don't lead him. Don't lead him, Mr. Marabella. Ask him what he remembered. Let him testify.
Q. Mr. Simmons asked you a question that you remembered him because of three things. Isn't it a fact you remembered him because of four things? You saw his face, too.
A. Correct.
At this point, defendant again objected that the state was leading its own witness and requested that the judge instruct the jury to disregard the leading questions. The trial judge sustained defendant's objection, instructing the district attorney not to lead his own witness, but refused to admonish the jury.
A leading question is "one which suggests to the witness the answer he is to deliver, and though framed in the alternative, is inadmissible when propounded to one's own witness, unless such witness be unwilling or hostile." La.R.S. 15:277. The reason for this is the danger that a witness may acquiesce in a false suggestion. State v. Francis, 337 So.2d 487 (La.1976). Notwithstanding, *84 however, the general rule against leading questions, the matter is largely within the discretion of the trial court and in absence of palpable abuse of that discretion resulting in prejudice to the accused, a finding of reversible error is not warranted. State v. Francis, supra; State v. Fallon, 290 So.2d 273 (La.1974); State v. Hollingsworth, 160 La. 26, 106 So. 662 (1925).
In the instant case, after the trial judge instructed the district attorney a second time not to ask leading questions, no further leading questions were asked of this witness and the district attorney turned to an entirely different line of questioning. Moreover, defendant makes no showing of prejudice resulting from the ruling of the trial judge. Accordingly, we find that the trial judge did not abuse his discretion in refusing defendant's request for an admonition.
Assignment of Error No. 6 is without merit.

ASSIGNMENT OF ERROR NO. 7
Defendant contends the trial judge erred during cross-examination of state witness Victor Robinson in retiring the jury and reviewing with the witness the record of his prior charge and guilty plea. He argues that he was thereby deprived of his constitutional and statutory rights to confrontation and cross-examination.
Victor Robinson, one of defendant's accomplices, testified at trial on behalf of the state. The witness had previously pled guilty to a charge of aggravated battery. During cross-examination, defense counsel questioned the witness as to his motives for testifying in an apparent attempt to establish bias or interest on the part of the witness. Specifically, defense counsel questioned the witness about his guilty plea, his plea bargain agreement, his sentence, and the reasons why he was still being held in jail. The witness' answers to this line of questioning were confused and unclear. Accordingly, the trial judge retired the jury in order to review with the witness his record which included the witness' petition to enter a guilty plea, the plea bargain agreement, the sentence, and a material witness warrant which had been issued to the witness. Defense counsel objected to the trial judge reviewing the record with the witness, arguing that it would interfere with his cross-examination of the witness when the jury returned. The trial judge overruled the objection.
It is well settled that in the discipline of his court, the trial judge is given wide discretion in controlling the examination of witnesses. La.R.S. 15:275. Unless an abuse of this discretion is shown, a conviction will not be reversed. State v. Lewis, 353 So.2d 703 (La.1977); State v. Moore, 344 So.2d 973 (La.1977); State v. Kaufman, 331 So.2d 16 (La.1976), cert. denied, 429 U.S. 981, 97 S.Ct. 495, 50 L.Ed.2d 591 (1977). In the instant case, we conclude that the trial judge did not abuse his wide discretion in attempting outside the presence of the jury to clarify, for the benefit of an apparently confused witness, facts which were already a matter of public record. Moreover, the record clearly indicates that defendant was allowed to extensively cross-examine the witness on the subject of his motives for testifying.
Assignment of Error No. 7 is without merit.

ASSIGNMENTS OF ERROR NOS. 8 AND 9
Defendant contends the trial judge erred in sustaining state objections to certain questions defense counsel propounded to lay witnesses concerning defendant's mental condition.
The record reflects that defendant pled not guilty and not guilty by reason of insanity. During cross-examination at trial of one of defendant's accomplices, Victor Robinson, defense counsel sought to elicit testimony from the witness concerning defendant's impaired mental capacities. The trial judge sustained the state's objection (Assignment of Error No. 8). Later, defendant's first cousin, Delisa Vaughn, testified during cross-examination by the state *85 that defendant "has seizures and all." On redirect, defense counsel asked the witness: "[W]hat kind of seizures have you known [defendant] to have?" The state objected. The trial judge sustained the objection on the ground that the witness was not competent to say what type of seizures defendant has (Assignment of Error No. 9).
The general rule as to lay opinion evidence of insanity is as follows:
[A] non-expert witness, basing his testimony on facts and circumstances known to him, may be permitted to give opinion testimony touching upon the sanity or insanity of a person whose mental condition is at issue, provided the witnesses [sic] be shown to have had ample opportunity to observe the speech, manner, habits and conduct of such person.
State v. Swails, 226 La. 441, 76 So.2d 523 (1954), quoted with approval in State v. Lott, 325 So.2d 576 (La.1976).
In the instant case, we conclude that the trial judge correctly sustained the state's objection to defense questioning of Victor Robinson concerning defendant's mental deficiencies since it is clear from the record that defense counsel failed to lay the proper foundation for such questioning by establishing that the witness had had ample opportunity to observe the speech, manner, habits and conduct of defendant. We also conclude that the objection to defense counsel's questioning of Delisa Vaughn, a lay witness, was properly sustained since it called for an answer involving an expert knowledge obtained only by means of a special training or experience, which this witness was not qualified to give. See La. R.S. 15:464. In any event, the trial judge's ruling in this regard in no way prejudiced defendant. The record indicates that defense counsel was able to properly elicit testimony describing the nature of defendant's seizures from other witnesses, both lay and expert.
Assignments of Error Nos. 8 and 9 lack merit.

ASSIGNMENT OF ERROR NO. 10
Defendant contends the trial judge erred in overruling his objection to an allegedly impermissible comment by the trial judge upon the credibility of a witness.
Victor Robinson, a state witness, testified that he accompanied defendant and an unnamed juvenile during the robbery of the victim, Ronald Crawford, and maintained that defendant held a knife to the throat of the victim during the incident. On cross-examination, Robinson admitted that he also had a knife in his possession the night of the robbery but stated that he neither opened the knife nor removed it from his pocket during the occurrence. Defendant thereafter moved that the state be ordered to produce this knife and the district attorney agreed to locate it and produce it for defendant's examination by the next day of trial.
On the next day of trial, the state produced a knife. The district attorney, called as a witness by defendant, testified that his investigator, Mr. Alexis, had recovered the knife from Robinson's personal belongings at parish prison. Defendant then asked the district attorney if he would stipulate that this was the knife in Robinson's possession during the instant offense and inquired if Mr. Alexis was present in the courtroom. At this point, the trial judge interjected, "Mr. Robinson's here." Thereafter, the jury was removed from the courtroom and defendant objected to the trial judge's remark, arguing it was an impermissible comment upon the credibility of a witness, Robinson. The trial judge overruled the objection.
The judge in the presence of the jury shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted. La.Code Crim.P. art. 772.
It is clear that the trial judge's remark involved herein does not violate the prohibition of article 772 against judicial comment on the facts or evidence in the presence of the jury. The trial judge expressed no opinion as to Robinson's credibility *86 but merely informed defendant of his availability to testify. Moreover, defendant makes no showing that he suffered prejudice as a result of the remark. Accordingly, the trial court properly overruled defendant's objection.
Assignment of Error No. 10 is without merit.

ASSIGNMENT OF ERROR NO. 11
Defendant contends the trial judge erred in denying his motion for a mistrial on the basis that the state in its closing argument improperly referred to the failure of defendant to testify in his own defense.
At trial, the state established that, in the early morning hours of June 18-19, 1977, Ronald J. Crawford was approached by three individuals as he was walking home from a bar. As one of the individuals held a knife to his throat, Crawford was robbed of his wallet (containing approximately sixty dollars and various credit cards), some loose change, and his watch. After the robbery, Crawford flagged down an automobile driven by Sgt. Joseph Stevens, Jr. of the Baton Rouge Police Department and informed the officer of the incident. Thereafter, Crawford and Stevens drove several blocks until Crawford spotted the three individuals walking along a sidewalk. Stevens stopped the automobile and searched the individuals, recovering a knife from defendant's back pocket and fifty-one dollars in cash from one of the other individuals. Crawford's wallet, credit cards, and watch were subsequently recovered from the area near the scene of the arrest. Crawford positively identified defendant as the individual who held the knife to his throat during the robbery and indicated that the other two perpetrators of the offense were Victor Robinson and an unnamed juvenile. Stevens and Robinson also testified for the state at trial.
During his closing argument to the jury, the prosecutor reviewed the evidence presented by the state at trial which established defendant's participation in the instant offense. During his argument in rebuttal, the prosecutor remarked to the jury:
There's no proof whatsoever that at the time of the commission of the crime this defendant was not capable of distinguishing the difference between right and wrong. There's been no proof that he was intoxicated, no proof whatsoever. He had a few drinks. He had some wine. They were at a dance at the Prince Murat. He had a bottle of wine. He went there with it. They dispersed. When they left, it was empty. Sergeant Stevens, I asked him, did it look like they understood what you told them? No evidence from him of intoxication on the part of anyone. He, Crawford, Robinson, they were the ones that were there that night. As you know and as you've heard, I am without power to call certain witnesses. I don't know who else might have been out there . . .
Defendant immediately objected to the prosecutor's remark and moved for a mistrial, arguing that the remark was a reference to the failure of defendant to testify in his own defense. The trial judge denied the motion. Thereafter, the prosecutor continued his closing argument:
Ladies and gentlemen, as I was saying, the State is without power to call certain witnesses. As you have heard here, Mr. Robinson would have had a constitutional right not to testify. Juveniles have rights, also. I cannot force a person who could possibly incriminate himself to come in this courtroom and testify. Therefore, I couldn't call this other party that was out there.
A direct or indirect reference to the failure of the defendant to testify in his own defense, made within the hearing of the jury by the judge, district attorney or a court official, during trial or in argument, would require a mistrial on motion of defendant. La.Code Crim.P. art. 770(3). This court has, however, consistently held that, to constitute reversible error under this provision, the inference must be plain that the remark was intended to bring to the jury's attention the failure of the defendant to testify. State v. Schouest, 351 So.2d 462 (La.1977); State v. Frank, 344 So.2d 1039 *87 (La.1977); State v. Smith, 327 So.2d 355 (La.1976) (on rehearing); State v. Reed, 284 So.2d 574 (La.1973); State v. Howard, 262 La. 270, 263 So.2d 32 (1972).
In closing argument, defendant argued that he and his two companions (Robinson and the unnamed juvenile) had been drinking at a local bar prior to the incident such that defendant's intoxicated condition precluded the presence of the specific criminal intent required as an element of the crime of armed robbery.
As is evident from the language used, the remark of the prosecutor during rebuttal was not intended, directly or indirectly, to bring to the jury's attention the failure of defendant to testify, but was, instead, merely a response to defendant's allegation of intoxication. That is, the prosecutor's remark directed the jury's attention to the state's inability to call as a witness the juvenile who accompanied defendant and Robinson during the incident and question him concerning defendant's allegation of intoxication. Accordingly, the trial judge properly denied defendant's motion for a mistrial.
Assignment of Error No. 11 is without merit.

ASSIGNMENT OF ERROR NO. 12
Defendant contends the trial judge erred in refusing to give to the jury one of his requested special charges.
The record reflects that defendant pled not guilty and not guilty by reason of insanity. At trial, defense witnesses testified that defendant was a person with impaired mental capacities. Additionally, defendant elicited testimony establishing that defendant and his two accomplices had shared a bottle of wine at a local bar immediately prior to the incident. At the close of trial, defendant requested that the jury be instructed as follows:
If you find that the defendant's mental condition, together with the influence of drugs and or alcohol precluded the presence of a specific criminal intent you should find the defendant not guilty.
The trial judge refused to give this special charge to the jury. Defendant noted his objection.
The court shall charge the jury as to the law applicable to the case. La. Code Crim.P. art. 802. A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given. La.Code Crim.P. art. 807.
La.R.S. 14:15 provides in pertinent part:
The fact of an intoxicated or drugged condition of the offender at the time of the commission of the crime is immaterial, except as follows:
. . . . .
(2) Where the circumstances indicate that an intoxicated or drugged condition has precluded the presence of a specific criminal intent or of special knowledge required in a particular crime, this fact constitutes a defense to a prosecution for that crime.
It is well settled by this court that a mental defect or disorder short of legal insanity cannot serve to negate specific intent by analogy to La.R.S. 14:15. Evidence of mental defect or disorder exempts a defendant from criminal responsibility only where it establishes that defendant was incapable of distinguishing between right and wrong with respect to the conduct in question under La.R.S. 14:14. State v. Weber, 364 So.2d 952 (La.1978); State v. Jones, 359 So.2d 95 (La.1978); State v. Rideau, 249 La. 1111, 193 So.2d 264 (1966).
In the instant case, the requested special charge indicated that evidence of defendant's mental problems could be considered, along with any evidence of a drugged and/or intoxicated condition, in concluding that defendant lacked the requisite specific intent for the crime charged. Hence, insofar as the requested special charge related to defendant's impaired mental condition, it was not wholly correct. Accordingly, the trial judge did not err in *88 refusing to give the special charge to the jury. Moreover, the record does not reflect any appreciable evidence of pre-crime drinking from which the jury might have drawn the inference that defendant was intoxicated at the time of the offense. See State v. Mart, 352 So.2d 678 (La.1977).
Assignment of Error No. 12 is without merit.

ASSIGNMENTS OF ERROR NOS. 13 AND 14
Defendant contends the trial judge erred in refusing to give to the jury a requested special charge.
The record reveals that Victor Robinson, arrested along with defendant and one other person at the time of the incident, testified at trial on behalf of the state. At the close of the trial, defendant submitted the following requested special charge concerning the testimony of an accomplice:
The testimony of an accomplice must be scrutinized with great care and caution, he is a person tainted with confessed criminality. The motives of an accomplice or co-conspirator in testifying, and the circumstances under which his testimony is given, should be considered in determining how much if any weight and credibility it should be given. In making this determination you should consider whether there has been any promise to him of favorable treatment or actual benefit conferred.
The trial judge denied this special charge, stating that "[t]he instruction that I gave generally on credibility of witnesses is as far as I'm ever going to go in any case, focusing on the testimony of any one witness." Defendant objected to this ruling (Assignment of Error No. 13). In addition, defendant submitted a supplemental requested special charge also dealing with the testimony of an accomplice:
The co-accused, who has testified that he plead guilty and has been sentenced for the crime of aggravated battery can, under the law, still be charged with another crime.
The trial judge also denied this requested special charge for the same reasons as above noted. Defendant again objected (Assignment of Error No. 14).
La.Code Crim.P. art. 807 provides generally that a requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given.
In State v. May, 339 So.2d 764 (La. 1976), we noted that, where the state's case relies upon the uncorroborated testimony of a purported accomplice, the trial judge should instruct the jury to treat such testimony with great caution. We did not hold, however, that such a cautionary instruction is an absolute necessity in all cases in which an accomplice testifies on behalf of the state. Where there is material corroboration of the accomplice's testimony, the cautionary accomplice instruction is not required. United States v. Lee, 165 U.S.App. D.C. 50, 59, 506 F.2d 111 (D.C.Cir. 1974); United States v. Clark, 480 F.2d 1249 (5th Cir. 1973); Davis v. United States, 411 F.2d 1126 (5th Cir. 1969); United States v. Cianchetti, 315 F.2d 584 (2d Cir. 1963). As observed by the court in United States v. Lee, supra:
When there is no corroboration, the problem of perjury looms large and warrants a judicial exposition of the frailities of accomplice testimony. When the accomplice's testimony is corroborated in material degree, there is no significant special problem of perjury; the persisting problem of perjury in fact in the specific case is like that which besets trials generally. The jury has the benefit of the general instruction on credibility, of its own awareness of the witness' criminality, and of the latitude given defense counsel to explore the witness' possible interest, both by eliciting facts and by discourse in argument. If now the judge gives a special warning he may be unduly tilting the jury's consideration.
*89 In the instant case, Victor Robinson's testimony was materially corroborated; hence, it does not present the danger that an innocent person might be convicted solely on the perjurious fabrication of an accomplice. The victim of the crime charged, Ronald J. Crawford, related the facts surrounding the incident, facts which substantially comported with the account given by the accomplice. Moreover, the victim identified defendant as one of the three perpetrators, both in court and at least twice out of court. Officer Joseph Stevens, Jr., the arresting officer, also testified on behalf of the state. In his testimony, he described the circumstances of the pursuit and arrest of the three offenders which occurred almost immediately following the incident. Officer Stevens identified defendant as one of the three men he arrested in connection with the offense charged. The foregoing testimony of both the victim and the arresting officer materially corroborates the testimony of the accomplice. Thus, the special cautionary instruction requested by defendant was not required to be given, and the question of the credibility to be attached to the testimony of the accomplice was adequately covered by the trial judge's general charge on credibility of witnesses.
Assignments of Error Nos. 13 and 14 are without merit.

DECREE
For the reasons assigned, defendant's conviction and sentence are affirmed.
CALOGERO, J., dissents. The requested charge on accomplice testimony should have been given.
DIXON, J., dissents with reasons.
DENNIS, J., concurs and assigns reasons.
DIXON, Justice (dissenting).
I respectfully dissent.
I disagree with the treatment of Assignments of Error Nos. 6 and 7, and believe the requested charge on accomplice testimony (Assignments of Error Nos. 13 and 14) should have been given.
DENNIS, Justice, concurring.
I respectfully concur in the result reached by the Court. However, I disagree with the disposition of Assignment of Error number 9. The majority holds that after the witness, defendant's first cousin, testified that the defendant "has seizures and all" that she could not properly answer the question "`[w]hat kind of seizures have you known [defendant] to have?'" because such answer required expert knowledge. In State v. Lott, 325 So.2d 576, 579 (La.1976), this Court held that a non-expert witness may testify as to the facts and circumstances known to him with regard to the defendant's insanity, provided it be shown that the witness had ample opportunity to observe the manner, habits and conduct of the defendant. Under this rule it was proper for the witness to describe the seizures that she had witnessed, even though she may not have testified as to the physiological cause of them. Since other evidence was admitted describing these seizures, however, the defendant was not prejudiced by the refusal to admit the testimony of the first cousin.