FORET, Judge,
dissenting.
I respectfully dissent from the majority holding in that I think that the first assignment of error made by the defendant, that the trial court erred in refusing to allow counsel for defendant to question defendant’s mother about previous mental problems, has merit.
Defendant urges that this testimony by his mother was relevant to his defense of insanity. The trial record reflects the following colloquy on this issue:
“Q. Mrs. Thomas, do you know Leon Price?
A. Yes, I do.
Q. What’s his relationship to you?
A. That’s my son.
Q. So you’ve known Leon all his life?
A. I sure have.
Q. Do you know how old Leon is?
A. Twenty-six (26).
Q. As a child did Leon do acts to indicate that something was wrong with him?
BY MR. GIORDANO: Your Honor, I’m going to object.
BY THE COURT: Sustained.
BY MR. LARVADAIN: Your Honor, I’m going to object to the ... I’d like to reserve a bill of exception to the court
[[Image here]]
BY THE COURT: Objection noted.
BY MR. LARVADAIN: Okay, and I just want it in the record denying me the right to show by the mother a history of mental problems on behalf of Leon Price. What I want to do is show that from a baby Leon has had mental problems ... (Interrupted)
BY MR. GIORDANO: Your Honor, I ... I’m going to object to that ... (Interrupted)
BY THE COURT: I understand.
BY MR. LARVADAIN: ... up until the present time, so ... (Interrupted)
BY THE COURT: I’ve noted ... I’ve noted your objection. That’s all there is, sir. Next question.
BY MR. LARVADAIN: Yes, sir, but I ... I want the record to reflect that.
BY THE COURT: The record will be showing it if it goes to any appeal purpose, sir. Proceed.
Q. Mrs. Thomas, the questions I’m going to ask you will be restricted to the night of June 11th, 1980.
A. Yes, sir.
Q. I will not be ... the court has ruled I can’t ask you questions previous to that date. Do you understand that?
A. Yes, I understand that.
Q. I’ve objected to it. I think the court is in error ...
BY THE COURT: That’s not what my ruling is. My ruling is clear and you don’t need to explain to the witness. Ask her questions, Mr. Larvadain.
BY MR. LARVADAIN: Yes, sir, but I just want the record to reflect that.
BY THE COURT: It has so reflected.
BY MR. LARVADAIN: Okay.
BY THE COURT: Let’s go.”
An accused has the constitutional right to present a defense. Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967); La. Const. Art. 1, § 16 (1974). In State v. Murray, 375 So.2d 80 (La.1979), the Louisiana Supreme Court announced the general rule as to lay opinion evidence of insanity. The Court stated:
“[A] non-expert witness, basing his testimony on facts and circumstances known *112 to him, may be permitted to give opinion testimony touching upon the sanity or insanity of a person whose mental condition is at issue, provided the witnesses [sic] be shown to have had ample opportunity to observe the speech, manner, habits and conduct of such person.”
In the instant case, it appears that the trial judge’s ruling was that the testimony sought to be elicited from the defendant’s mother was irrelevant. The defendant’s mother was allowed to testify about the defendant’s strange behavior on the night in question. Additionally, the defendant’s wife was allowed to testify that the defendant had been under psychiatric care in the past.
Whether or not the trial court was correct in labeling this evidence irrelevant is a matter within his discretion and will not be disturbed on appeal in the absence of a clear abuse of his discretion. State v. Chaney, 423 So.2d 1092 (La.1982).
According to State v. Murray, supra, lay testimony is admissible in attempting to prove insanity. In the present case, the defense did not present any expert testimony on the issue of insanity. The defense relied on the testimony of the defendant, his wife and mother to establish insanity within the limits set by the trial judge.
Although the defense was allowed to elicit testimony concerning defendant’s behavior on the night in question, the defense should have been afforded wider latitude in addressing the issue.
Ultimately, the State, on rebuttal, introduced testimony of an expert who stated that the defendant had no mental defect and understood the difference between right and wrong. He opined that the problem was alcohol abuse [1].
I also feel that the defendant’s constitutional rights were violated. Defendant’s only real defense was insanity, and the law places upon him the burden of proving insanity by a preponderance of the evidence. LSA-R.S. 14:14; LSA-C.Cr.P. Art. 652; State v. Brogdon, 426 So.2d 158 (La.1983). By denying him the opportunity to present his mother’s testimony, the trial court effectively cut off his right to present evidence relevant to the issue of insanity. The fact that the testimony was lay rather than expert should have gone not to admissibility, but to weight. To deny defendant the right to present his mother as a witness as to his past history of mental problems would be to deny him the constitutional right to present a defense. La. Const. Art. 1, § 16 (1974); State v. Hamilton, 441 So.2d 1192 (La.1983).
For the aforementioned reasons, the conviction and sentence of defendant should be set aside, and the case remanded for a new trial.

. Although the record of this testimony was not sent up, in reasons for sentence, the trial judge noted the substance of the expert’s testimony. The expert was a psychiatrist at Central Louisiana State Hospital.